# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE VILLAS AT BAILEY SPRINGS HOMEOWNERS ASSOCIATION, INC.,** | : : : : | **CIVIL ACTION NO.  1:10-CV-1952** <br><br> **(Judge Conner)** |
| **Appellant** | : : | |
| v. | : : | |
| **THOMAS C. LARICCI**, | : : | |
| **Appellee** | : | |

## **MEMORANDUM**

Presently before the court is an appeal from the order of the United States Bankruptcy Court for the Middle District of Pennsylvania, dated March 11, 2010, entering judgment in favor of Thomas C. LaRicci ("Debtor") against the Villas at Bailey Springs Homeowners Association, Inc. (the "Association").  The Association contends that the Bankruptcy Court erred in holding that Debtor's debt to Villas at Bailey Springs ("Villas") was dischargeable.  The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).  For the reasons that follow, the court will affirm the order of the Bankruptcy Court.

**I.      Factual Background & Procedural History**

Villas is a condominium association consisting of one hundred and thirty-one units.  (Doc. 3, at 6).  The Association acting through its Board of Directors ("Board") manages Villas.  (Id.)  In October 2007, the Board decided to install a keyless entry system for Villas' clubhouse.  (Id. at 7).  Debtor, the president of the Association, recommended hiring his brother to complete the work for $ 3,200 and the Board approved the transaction.  (Id. at 10).  The Association gave Debtor a $ 3,200 check to pay his brother.[1]  (Id.)  Debtor deposited the check into his personal bank account.  (Id. at 16).

Debtor's brother never completed the work.  (Id. at 12).  The Board demanded Debtor return the money.  (Id. at 15).  Debtor testified that he paid his brother in cash and that his brother subsequently ran off with the money.  (Id. at 36).  Debtor never provided any accounting to the Board.  (Id. at 40).

On May 28, 2009, Debtor filed a voluntary Chapter 7 bankruptcy petition.  (Doc. 2, at 10-13).  Debtor listed on his Schedule F that he owed $ 3,309.85 to Villas.  (Doc. 2, at 46).  On September 11, 2009, the Association filed an adversary complaint against Debtor.  (Doc. 2, at 64-66).  The complaint alleged that Debtor willfully and maliciously defrauded, embezzled and/or engaged in larceny of funds belonging to

---

[1] Ernest Kraft ("Kraft"), who served as treasurer of the Association in 2007, testified that it was standard practice at the time to write checks to whomever needed them on the Board.  (Doc. 3, at 11, 20).  Debtor testified that the purpose of this procedure was to pay contractors "under-the-table" with cash.  (Id. at 33-34).  Mr. Kraft denied this assertion.  (Id. at 17).

2

the Association while acting in a fiduciary capacity and that the debt owed to Villas was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4). (Id.)

On March 11, 2010, the Bankruptcy Court conducted a trial on the matter. (Id.) After receiving the testimony, the Bankruptcy Court held that the Association failed to meet its burden of proof and that the debt was dischargeable. (Id. at 47-53). The bankruptcy judge reasoned that the Association's claim under 11 U.S.C. § 523(a)(4) failed because the Association provided no evidence that it disbursed the funds to Debtor in trust. (Id. at 50). Furthermore, the Association's claim under 11 U.S.C. § 523(a)(2)(A) failed because the Association did not prove that Debtor never intended to pay his brother. (Id. at 51). On March 24, 2010, the Association appealed the Bankruptcy Court's order. (Doc. 1). The Association contends that the Bankruptcy Court erred in finding that Debtor's debt to the Association was dischargeable when sufficient evidence showed Debtor embezzled and/or defalcated funds in his possession while acting in fiduciary capacity under 11 U.S.C. § 523(a)(4). (Id.) The appeal is now ripe for review.

## II.   Standard of Review

An appeal from a bankruptcy court's order places the District Court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the bankruptcy judge. See In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); see also FED. R. BANKR. P. 8013. The court reviews the factual findings of the Bankruptcy Court for clear error and reviews its legal conclusions *de novo*. Id. Whether a debtor is a "fiduciary" within the meaning

3

of "fiduciary fraud" is a question of law subject to *de novo* review. Flegel v. Burt & Assocs., P.C. (In re Kallmeyer), 242 B.R. 492, 495 (B.A.P. 9th Cir. 1999).

## III. Discussion

To establish that a debt is non-dischargeable under 11 U.S.C. § 523(a)(4) ("§ 523(a)(4)" or "Section 523(a)(4)"), a plaintiff must prove that the debtor committed fraud or defalcation while acting in a fiduciary capacity.[2] 11 U.S.C. § 523(a)(4). The plaintiff bears the burden of proving the existence of a fiduciary relationship and exceptions to discharge are construed narrowly in favor of debtors. First Valley Bank v. Ramonat (In re Ramonat), 82 B.R. 714, 719 (Bankr. E.D. Pa. 1988).

"Fiduciary capacity" under § 523(a)(4) has a narrower meaning than its traditional common law definition. Estate of Harris v. Dawley (In re Dawley), 312 B.R. 765, 777 (Bankr. E.D. Pa. 2004) (observing that the common law definition of a fiduciary—"involving a person who stands in a special relationship of trust, confidence, and good faith"—is too broad for bankruptcy law purposes (internal citations and quotations omitted)). A fiduciary relationship under § 523(a)(4) requires an express or technical trust. Pa. Mfrs.' Ass'n Ins. Co. v. Desiderio (In re Desiderio), 213 B.R. 99, 102-03 (Bankr. E.D. Pa. 1997). A trust *ex maleficio*, imposed directly because of the wrongful act out of which the debt arose, does not meet the

---

[2] Alternatively, a plaintiff can demonstrate a debt is non-dischargeable under § 523(a)(4) by proving the debtor committed larceny or embezzlement. The Association did not raise the issues of embezzlement or larceny in its appellate brief. (See Doc. 5). The court has reviewed the record and holds that the Bankruptcy Court did not err in finding that the Association failed to prove that Debtor committed embezzlement or larceny.

4

fiduciary capacity requirement of § 523(a)(4). In re Dawley, 312 B.R. at 777 (citing Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934)). The rationale behind this narrow definition of fiduciary is "to promote the bankruptcy law's 'fresh start' policy." Windsor v. Librandi (In re Librandi), 183 B.R. 379, 382 (M.D. Pa. 1995). Implied and constructive trusts also fail to meet the fiduciary capacity requirement of § 523(a)(4). In re Dawley, 312 B.R. at 777 (citations omitted); see also Texas Lottery Comm'n v. Tran (In re Tran), 151 F.3d 339, 342 (5th Cir. 1998).

Whether the debtor was acting in a "fiduciary capacity" is a question of federal law, however, state law determines if the requisite trust relationship exists. In re Librandi, 183 B.R. at 382. An express or technical trust can be created without a formal writing "so long as it is characterized by trust-type obligations imposed under state or common law." In re Dawley, 312 B.R. at 777 (citation omitted). The Association contends that a technical trust existed because Debtor was a fiduciary of the Association as president of the Board. (Doc. 5, at 6-9). The Association notes that paragraph 9.1 of the Association's bylaws explicitly identified Debtor as a fiduciary, and under Pennsylvania law a corporate officer is a fiduciary of the corporation. (Id. at 7-8 (citing 15 PA. CONS. STAT. § 512)). Clearly, Debtor was a fiduciary of the corporation under the broad common law definition. Woodstock Hous. Corp. v. Johnson (In re Johnson), 242 B.R. 283, 293 (Bankr. E.D. Pa. 1999). This does not necessarily prove, however, that Debtor served in a fiduciary capacity for purposes of § 523(a)(4). Id. Courts are divided on whether merely serving as a corporate officer or director establishes a fiduciary relationship for purposes of §

5

523(a)(4).³ The majority of recent decisions in the bankruptcy and district courts of this Circuit have held that the general fiduciary duties of corporate officers and directors are insufficient to establish a fiduciary capacity under § 523(a)(4). See, e.g., Universal Broadband Networks v. Sternberg (In re Sternberg), No. 09-2514, 2010 WL 988550, at *7 (D.N.J. 2010) (holding that "although a corporate officer or director may be a fiduciary under state law, that is not the type of fiduciary capacity meant by the bankruptcy code"); In re Dawley, 312 B.R. at 778-79; In re Johnson, 242 B.R. at 294 (noting that the relationship between a director and the corporation "does not typically contemplate a situation whereby the corporation is the beneficiary of a trust of which the officer-director is deemed a trustee"). The decisions are persuasive in light of the overarching goals of bankruptcy. The Supreme Court has interpreted the meaning of fiduciary capacity narrowly under Section 523(a)(4)'s predecessors in order to promote the bankruptcy law's fresh

---

³ Some courts hold that all corporate officers and directors are fiduciaries of the corporation for purposes of § 523(a)(4). See Sheerin v. Davis (In re Davis), 3 F.3d 113, 116 (5th Cir. 1999); NAFCO Fed. Credit Union v. Lawson (In re Lawson), 308 B.R. 417, 425 (Bankr. D. Neb. 2004); American Metals Corp. v. Cowley (In re Cowley), 35 B.R. 526, 528-29 (Bankr. D. Kan. 1983). Other courts hold that the title of corporate officer or director alone does not render an individual a fiduciary under § 523(a)(4). See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1126 (9th Cir. 2003) ("[A]lthough officers and directors are imbued with the fiduciary duties of an agent and certain duties of a trustee, they are not trustees with respect to corporate assets."); Prosports Mgmt. of the S., Inc. v. Jacobs (In re Jacobs), 243 B.R. 836, 843-44 (Bankr. M.D. Fla. 2000); Kapila v. Talmo (In re Talmo), 175 B.R. 775, 778 (Bankr. S.D. Fla. 1994); see also Holaday v. Seay (In re Seay), 215 B.R. 780, 787 (B.A.P. 10th Cir. 1997) (holding that a general fiduciary duty for joint venturers was insufficient to establish a fiduciary relationship for purposes of § 523(a)(4)).

start policy.  See, e.g., Davis, 293 U.S. at 333-34.  A broad definition of fiduciary for purposes of § 523(a)(4) "threatens to have the exception to discharge swallow the fresh start that Congress intended."  In re Sternberg, 2010 WL 988550, at *7 (citation omitted).  Thus, the court holds that the general duties of good-faith, loyalty, and fair dealing imposed on corporate officers and directors under Pennsylvania law are insufficient alone to show officers and directors act in a trust-like fiduciary capacity under § 523(a)(4).

The Association's contention that a technical trust existed under 15 Pa. Cons. Stat. § 512 ("Section 512" or "§ 512") is equally unavailing.  A statute can create a technical trust if it clearly defines the trust res and sets forth specific, affirmative trust-like fiduciary duties.  In re Ramonat, 92 B.R. at 719.  Section 512 does not define a trust res nor does it set forth specific, affirmative trust-like fiduciary duties.  In re Dawley, 312 B.R. at 779 n.20.  Instead, it merely imposes general duties of trust, confidence, loyalty, and good-faith.  See 15 PA. CONS. STAT. § 512; see also In re Dawley, 312 B.R. at 779 n.20.  Therefore, § 512 does not create a technical trust for purposes of § 523(a)(4).

The Association also cannot prove that the specific facts of the instant case created an express or technical trust under Pennsylvania common law.[4] The Bankruptcy Court found that the Association failed to meet its burden of proving the funds were disbursed to Debtor with the intent to create a trust. (Doc. 3, at 50). The Bankruptcy Court also stated that the Association failed to provide evidence that the disbursement was a trust res. (Id.) These factual findings, based on the trial testimony, are well-supported by the record and are not clearly erroneous. For example, the record reflects that the check was written to Debtor in his personal capacity and that Debtor was allowed to commingle the money in his personal bank account, which weighs against finding a trust. (Id. at 16); see In re Ramonat, 82 B.R. at 720 (noting that the "ability to commingle funds weighs heavily against both the existence of an identifiable trust res and the necessary intent to create a trust." (citation and quotations omitted)). Giving due deference to Judge France's factual determinations, the Court cannot conclude that the Bankruptcy Court clearly erred in finding that the funds were not disbursed in trust. (Doc. 3, at 50).[5]

---

[4] Under Pennsylvania law, the elements of an express trust are: "(1) an express intent to create a trust; (2) an ascertainable res; (3) a sufficiently certain beneficiary; and (4) a trustee who 'owns' and administers the res for the benefit of another (the beneficiary)." In re Kulzer Roofing, Inc., 139 B.R. 132, 140 (Bankr. E.D. Pa. 1992); see also In re Penn Central Transp. Co., 486 F.2d 519, 524 (3d Cir. 1974; Fox v. Shervin (In re Shervin), 112 B.R. 724, 733 (Bankr. E.D. Pa. 1990) (observing that "objective conduct must show, by evidence that is clear and unambiguous, the intent to create an express trust").

[5] As the Association cannot prove Debtor acted in a fiduciary capacity, the court need not determine whether Debtor committed defalcation.

**IV.**     **Conclusion**

For the reasons set forth above, this court will affirm the March 11, 2010, order of the Bankruptcy Court.

An appropriate order is attached.


                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge

Dated:     September 30, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE VILLAS AT BAILEY SPRINGS HOMEOWNERS ASSOCIATION, INC.,** | : : : : | **CIVIL ACTION NO.  1:10-CV-1952**  (Judge Conner) |
| **Appellant** | : : | |
| v. | : : | |
| **THOMAS C. LARICCI,** | : : | |
| **Appellee** | : | |

## **ORDER**

AND NOW, this 30th day of September, 2011, upon consideration of the bankruptcy appeal (Doc. 1) filed by appellant, the Villas at Bailey Springs Homeowners Association, Inc., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The March 11, 2010, order of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Adversary Proceeding No. 1-09-AP-00335 is AFFIRMED.

2. The Clerk of Court is directed to CLOSE this appeal.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge